1  McGREGOR W. SCOTT
   United States Attorney
2  ANNE PINGS
   Assistant U.S. Attorneys
3  501 "I" Street, Suite 10-100
   Sacramento, California 95814
4  Telephone: (916) 554-2785

5

6

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10                  FOR THE EASTERN DISTRICT OF CALIFORNIA

11
   UNITED STATES OF AMERICA        ) CR. NO. S-05-529-GEB
12                                 )
                   Plaintiff,      )
13                                 )
             v.                    ) FINDINGS REGARDING RESTITUTION
14                                 )
   ERNEST RUDOLPH,                 )
15                                 )
                   Defendant.      )
16                                 )
   _____)

17

18      Having heard oral argument, and having considered the pre-

19 sentence report, the sentencing memorandum submitted by the

20 defendant, and the responsive memorandum of the United States

21 including the Declaration of Special Agent Shintaku, the Court,

22 pursuant to 18 U.S.C. § 3664(e), hereby makes the following

23 findings by a preponderance of the evidence in support of the

24 Order of restitution in the amount of $45,900.

25      1.   The defendant pleaded guilty to the Indictment thereby

26 admitting that he had manufactured the $ 49,200 in specific

27 counterfeit bills all specifically identified and listed by

28 serial number in Count One of the Indictment.  The Court thereby

                                -1-

1 finds by a preponderance of the evidence that the defendant

2 manufactured the bills specifically listed in Count One of the

3 Indictment.

4        2.    The Court hereby finds that the attachment to the pre-

5 sentence report entitled "Victim Impact - Restitution,"

6 (incorporated by reference by ¶ 16 of the PSR) ("the attachment

7 to the PSR"), lists all the same bills listed in Count One of the

8 Indictment.  The Court thereby finds by a preponderance of the

9 evidence that the defendant manufactured the bills specifically

10 listed in the attachment to the PSR.

11       3.    The Court hereby finds that list in Count One of the

12 Indictment, as well as the list in the attachment to the PSR, are

13 comprised of bills that were turned over to the United States

14 Secret Service after being recovered by a bank or a business as

15 set forth in the Declaration of Special Agent Shintaku.  When

16 they turned over bills to the Secret Service, the banks

17 identified, when possible, the identity of the entity which had

18 included the counterfeit bill(s) in their deposit to the bank.

19       4.    The Court further accepts and adopts the factual

20 representation of Special Agent Shintaku that when bank customers

21 present counterfeit funds to the bank, the bank does not give the

22 customers "credit" for the deposit since the depositors have not

23 presented real money for deposit.  Thus, when the bank customers

24 were given the counterfeit money by someone for goods or services

25 or some other payment owed, but then did not receive "credit" for

26 the money at the bank, the bank customer suffered a "loss" and

27 therefore, are victims of the counterfeiting.

28 //

1    5.   The Court also accepts and adopts the factual

2 representation of Special Agent Shintaku that, with respect to

3 those bills on the list provided to the Secret Service by

4 businesses (not a bank), those businesses are victims of

5 defendant's counterfeiting because they did not get paid real

6 money in exchange for the goods and / or services they provided

7 at the time the counterfeit bills were handed over to them as

8 payment for the goods, services, or debt owed.

9    6.   The Court was not presented with any evidence that

10 anyone other than the defendant passed the bills listed in Count

11 One and in the attachment to the PSR into circulation.  Because

12 the defendant, by his own admission, made all the bills listed in

13 Count One and in the attachment to the PSR, the Court concludes

14 that the defendant either passed the bills to victims himself or

15 gave them to others who passed them to victims.

16    7.   "Victims" are defined as a person "directly or

17 proximately harmed" as a result of the commission of the offense.

18 18 U.S.C. § 3663A(a)(2).  The Court understands that it may order

19 restitution for the reasonably foreseeable actual losses that may

20 be attributed to defendant.  United States v. De La Puente, 353

21 F.3d 766, 775 (9th Cir. 2003).

22    8.   The Court finds that, given the very nature of fake

23 money, it is eminently foreseeable that whoever the fake money is

24 passed to will suffer the loss of whatever the face value of the

25 fake money is.  By its nature, the very purpose of fake money is

26 to cause someone financial loss.  The Court finds by a

27 preponderance of the evidence that the defendant proximately

28 //

1 caused the loss to the victims who were given the counterfeit

2 bills he manufactured as listed in Count One and in the

3 attachment to the PSR.

4     9.   Accordingly, the Court orders restitution in the amount

5 of $ 45,900 which corresponds to the identifiable victims listed

6 in the attachment to the PSR.  The Court does not order

7 restitution in connection with those bills where no victim was

8 identified in the attachment to the PSR, i.e., those listed as

9 "unknown."

10     These findings shall be attached "to any copy of the

11 presentence report made available to the Bureau of Prisons."

12 Fed. R. Crim. P. 32(i)(3)(C).

13 Dated:  April 10, 2007

14

15 _____
    GARLAND E. BURRELL, JR.

16     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28